# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. CR616-009 |
| | ) | |
| MICHAEL CONAWAY, | ) | |
| | ) | |
| Defendant. | ) | |

## O R D E R

Defendant has filed a motion to obtain the services of a "private investigator" to assist in the defense of this case. Doc. 35. He also seeks authorization to have transcripts prepared of the suppression hearing conducted by the undersigned on August 24, 2016, and a supervised release revocation hearing (from a prior criminal case) conducted by Chief Judge Wood on May 31, 2016. Docs. 33-34. Defendant, however, has yet to demonstrate why the requested investigator or transcripts would be either useful or necessary to his defense.

The Criminal Justice Act entitles a defendant to public funding for the services of an investigator or expert when he establishes such services are "necessary for adequate representation." 18 U.S.C. §

3006A(e)(1).[1] The defendant bears the burden of meeting that statutory requirement. *United States v. Mentzos*, 462 F.3d 830, 839 (8th Cir. 2006) (citing *United States v. One Feather*, 702 F.2d 736, 738 (8th Cir. 1983) ("[T]he defendant bears the burden of demonstrating that [the expert's] services are necessary to an adequate defense.")); *United States v. Sanchez*, 912 F.2d 18, 22 (2d Cir. 1990); *United States v. Greschner*, 802 F.2d 373, 376 (10th Cir. 1986); *United States v. Valtierra*, 467 F.2d 125, 126 (9th Cir. 1972). Even a defendant asserting a constitutional, rather than just a statutory, right to expert assistance "must show the trial court that there exists a reasonable probability both that an expert would be of assistance to the defense and that denial of expert assistance would result in a fundamentally unfair trial." *Moore v. Kemp*, 809 F.2d 702, 712 (11th Cir. 1987).

Here, defendant's motion merely states that an investigator would assist in "interviewing and locating witnesses, locating documents, performing background checks, and researching factual issues." Doc. 35 at 1. From prior proceedings, the Court knows that this case involves

---

[1] Although that provision of the statute provides that a defendant "may request [such services] in an ex parte application," § 3006A(e)(1), in this instance defense counsel served his motion upon the government.

2

the discovery of a pistol in defendant's possession following a traffic stop of his vehicle by a Georgia State Patrol officer. Doc. 28 (Report and Recommendation entered following suppression hearing); doc. 32 (order adopting R&R). Only the State Trooper and defendant were present on the lonely stretch of road where the stop occurred. Doc. 32 at 7-8. Defendant has already had an opportunity to question the Trooper on cross-examination during the suppression hearing. It is unclear to the Court what additional witnesses or documents an investigator could hope to locate. Nor does defendant describe what kind of "background checks" are needed or what "factual issues" require researching.[2]

Similarly, defendant has not shown how a transcript of his suppression hearing or of a prior revocation hearing in another criminal case would even be useful, much less necessary, to his trial defense. The public should not be put to the burden of paying a court reporter to prepare such transcripts until defendant shows that he actually needs

---

[2] Defendant also suggests in his motion that an investigator would be useful in "interviewing" witnesses. One of the classic functions of a trial lawyer is interviewing witnesses prior to trial. Conducting such a personal interview by counsel is often an essential step in evaluating a witness' credibility, character, and demeanor in order to assess his or her prospective utility and fitness as a trial witness. It is unclear why an investigator would be needed in order to perform this traditional lawyer role.

them for cross-examination or some other legitimate purpose.

An indigent defendant seeking public funds to retain an investigator or secure transcripts must "explain in specific terms" why such services are actually needed. *Moore*, 809 F.2d at 711. Mere "'undeveloped assertions that the requested assistance would be beneficial'" is insufficient. *Id.* (quoting *Caldwell v. Mississippi*, 472 U.S. 320, 324 n. 1 (1985)).

Defendant's motions for an investigator and for transcripts are **DENIED**. If he wishes, defendant may renew his motion provided he furnishes the level of detail and specificity required under the law.

**SO ORDERED,** this  23rd   day of September, 2016.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA